# SOUTHERN DEPARTMENT.

## WESTERN DIVISION.

### THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. E. F. BLAKELEY.

#### No. 49.

1. APPELLATE JURISDICTION — *case not dismissed on account of clerical error in certificate.* A case will not be dismissed from this court because of an immaterial clerical error in the certificate of the judge to the case-made.

2. NEW TRIAL — *motion filed in time.* The motion for a new trial in this case was filed in time.

3. EVIDENCE IMPROPERLY ADMITTED — *but not material in this case.* Where the court permits the introduction of incompetent testimony and then instructs the jury that they must not consider it, and where there is an abundance of uncontradicted and competent evidence to prove the fact which such incompetent evidence tends to establish, *held,* that no reversible error was committed.

4. EVIDENCE — *undisputed, jury should find accordingly.* If a railway company shows by undisputed evidence that it has taken every possible precaution to prevent the escape of fire from its engine, and the jury know of nothing left undone by said company which would have prevented the fire, the jury should find for the company on the question of negligence.

Error from Rice District Court. Hon. J. H. Bailey, Judge. Opinion filed July 29, 1897. *Reversed.*

*A. A. Hurd* and *Stambaugh & Hurd,* for plaintiff in error.

*C. F. Foley,* for defendant in error.

DENNISON, P. J. We are asked to dismiss this petition in error for the following reasons, to wit: *First,* the certificate of the judge contains a recital that the case is "E. F. Blakeley v. The A. T. & S. F. R. R. Co." ;

RAILWAY CO. v. BLAKELEY.                   815

July 29, 1897.        Opinion.   Dennison, P. J.        W. Div.

*second,* the record fails to show that the motion for a new trial was filed in time.

From an examination of the certificate of the judge and the page of the record containing it, it is clear that the use of the words A. T. & S. F. R. R. Co. instead of the St. Louis & San Francisco Railway Company was a clerical error. Not only this, but the uncontradicted affidavit of J. W. Brinkerhoff filed herein shows conclusively that such is the case.

1. Case not dismissed.

The record shows that the jury returned a verdict on January 14, 1891, and following the statement of it in the journal entry, properly connected by the words "thereupon" and "whereupon," it is recited that, "whereupon the defendant duly filed its motion for judgment in its favor upon the special findings of the jury in the cause, and the defendant likewise filed its motion for a new trial upon the grounds in said motion more particularly set forth." The record in effect says : "Whereupon the defendant duly filed its motion for a new trial." When this language occurs immediately following the record of the rendition of the verdict, we must hold that the motion was filed in time and at the term ; in fact, upon the day the verdict was rendered.

2. Motion for new trial filed in time.

We will consider the case upon its merits. This action was brought by Blakeley against the Railway Company to recover the damages sustained by him in the loss of about one hundred tons of hay by burning. The petition alleges that the fire was caused by the operation of the Company's railroad, as the result of the negligent and unskilful management of one of its engines and a train of cars. The evidence in the case is entirely free from contradictions, and fairly tends

to prove the state of facts shown by the answers of the jury to the special questions. The questions and answers are as follows :

"1. Was not the engine, from which the plaintiff claims the fire which burned his hay escaped, one of the most improved invention and construction so far as the appliances preventing the escape of fire were concerned? Ans. According to evidence, yes."

"3. Had not the engine, which it is claimed set the fire which burned the plaintiff's hay, been taken from the shops after having been thoroughly repaired, with a new smokestack and the latest appliances for the prevention of the escape of fire added to said engine, within two months from the time it is claimed that the fire was set out? A. According to evidence, yes.

"4. Was not the engineer who was operating said engine at the time it is claimed the fire was set out by said engine an experienced, competent, skilful and careful engineer? A. According to the evidence he was experienced."

"6. If you answer that the fire came from the engine, state how the engineer so mismanaged his engine as to set out the fire. A. No evidence showing how.

"7. In what does the negligence of the Railroad Company in permitting the fire to escape from its engine consist? A. No evidence showing."

"9. Before the hay in question had been burned, had not the growing grass on the right of way of the Railroad Company adjacent to the plaintiff's land on which his hay was been. burned off by the Railroad Company? A. Yes.

"9½. Before the hay was burned, had not the section men in the employ of the defendant railroad extended the fire guard beyond the right of way and upon the plaintiff's land a distance of seventy-five or eighty feet, making a fire-guard of 125 or 130 feet between the track and the hay which was burned? A. Yes.

"10. What, if any, possible precaution could the Railroad Company take that was not taken to prevent

the fire which it is claimed burned the plaintiff's hay?   A.  Not known.

"11.  Was not an unusually strong wind blowing at the time it is claimed the fire was set out?   A.  Yes.

"12.  What rate of speed was the engine going when it is claimed fire escaped from it and set fire to the plaintiff's hay?   A.  Ten or thirteen miles per hour.

"13.  Was not the engine being operated in the usual and ordinary manner and by a competent engineer, at the time it is claimed fire escaped from the engine?   A.  Evidence that he was experienced, but none as to competency.

"14.  Was there any other way, under the testimony, in which the fire could escape from the train than from the smokestack?   A.  No."

"16.  Were not the spark-arresting appliances of the engine which it is claimed set out the fire examined a day or two after the fire was, and found to be in perfect condition?   A.  Yes."

"18.  Is there any incompetence or carelessness shown on the part of the engineer or any other employee of the train, the engine of which it is claimed set out the fire?   A.  Engineer experienced but no evidence of competency."

"20.  Has any defect been shown to exist in the engine which it is claimed set out the fire, so far as its spark-arresting appliances were concerned or in any other respect?   A.  No."

"22.  Has any negligence been shown on the part of the engineer or other employee of the train, the engine of which it is claimed set out the fire that burned plaintiff's hay?   A.  No proof from any other employee except engineer."

"24.  How far from the track was the stack which first caught fire?   A.  Two hundred and ten feet.

"25.  Has not the Railroad Company shown that its engine was perfect, and had the most-approved appliances for the prevention of the escape of fire, and that no employee of said train was guilty of negligence in operating said train?   A.  No proof from any other employee except engineer."

818     RAILWAY CO. v. BLAKELEY.

| S. Dept. | Opinion. Dennison, P. J. | 6 Kan. App. |

The jury found for the plaintiff below in the sum of $241.73, and judgment was rendered for that sum. The defendant brings the case here for review.

The first alleged error argued by plaintiff in error is, that the court permitted the introduction of evidence showing that other fires had been set out in the operation of the defendant's railroad. We think the court erred in permitting this evidence to cover so large a range of time and of engines as it did. The court afterwards instructed the jury that they must not consider this evidence. This cured the error. Not only this, but there was an abundance of uncontradicted and competent evidence showing that the fire was started by the engine of the Company. The substantial rights of the plaintiff in error were not prejudiced by the error complained of.

3. Incompetent evidence, immaterial error.

The plaintiff in error contends that the court erred in overruling its motion for judgment upon the special findings. The proof was abundant and uncontradicted that the engine operated by the Company set out the fire, and the plaintiff established his damages. This made a *prima facie* case against the Company, and their negligence is presumed. It was then the duty of the Company to show that the fire was an accidental fire, set without negligence on its part.

The question therefore is, Do the special findings show such a state of facts as defeats a recovery by the plaintiff below? They show that the engine was complete and perfect in every respect so far as the appliances for preventing the escape of fire were concerned; that the engineer was an experienced man; that the Company had burned its right of way and some seventy-five or eighty feet besides, in an endeavor to protect the hay; that an unusually strong wind was

blowing at the time it was claimed the fire was set out; that the train was running from ten to thirteen miles per hour; and that there was no way in which the fire could escape other than from the smokestack. The answer to question six decides that there was no evidence to show that the engineer mismanaged his engine so as to set out the fire. The answer to question seven decides that there was no evidence showing in what the negligence of the Railway Company in permitting the fire to escape from its engine consisted. The answer to question ten decides that the jury do not know of any possible precaution that was not taken which could have been taken by the Company to prevent the fire.

There was no evidence introduced as to whether the engineer was competent, careful, and skilful, nor was there any evidence showing that the fireman or other employee was guilty of negligence.

4. Evidence not disputed.

There was, however, uncontradicted evidence introduced showing that the engine was drawing a train consisting of ten or twelve empty cars, running on schedule time; that the furnace fire was in good shape and the regular fire kept in the furnace; that the train was running the same as it was run on other days, and that the engine was not using one-sixteenth of its steam while passing the place where the fire escaped.

The negligence of the Company being presumed, it was incumbent upon it to show that it was without fault. In an attempt to do so it has shown that its engine was of the latest approved pattern to prevent the escape of fire, and in good condition; that it was pulling a light train and using but a small amount of steam and running at a reasonable rate of speed; that the furnace fire was in good shape and was the usual

fire kept in the furnace ; that it was impossible for the fire to escape except from the smokestack ; and that it had burned a fire guard 125 or 130 feet wide between the track and the hay. All of this evidence is undisputed and no attempt is made to contradict or question it, and there was no showing of negligence on the part of the Company. Nothing can be relied upon but the statutory presumption of negligence because the fire escaped from the Company's engine. What other showing should have been made? What else should they have done or left undone to have rebutted this presumption? It would seem that if the jury could think of no other precaution that the Company could take to have prevented the escape of the fire, the presumption of negligence has been pretty effectually overcome, in their minds at least. It was established that many precautions had been taken by the Company. The jury say in answer to the tenth special question that it is "not known" what other possible precaution it could take. If the Railroad Company showed that it had taken every possible precaution to prevent the escape of fire from its engine, and the jury knew of nothing left undone by it or its employees which would have prevented the fire, the jury should have found the questions of negligence in its favor and the Company was entitled to a verdict.

The court erred in not rendering judgment for the Railway Company upon the special findings of the jury.

The judgment of the District Court is reversed, and the cause remanded with instruction to render judgment for the Railway Company upon the special findings.